## George B. Ross v. Mrs. L. T. Johnson.

### Gen. No. 12,267.

1. FAMILY EXPENSE—*what is, within section 15 of Husband and Wife Act.* The test is not whether the article in question is necessary or useful. In this case a honiton and point lace waist costing $200, held, a family expense within the meaning of the statute.

Action of assumpsit. Appeal from the Circuit Court of Cook County: the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 6, 1906.

DEFREES, BRACE & RITTER, for appellant.

CAMERON & MATSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee made for the wife of appellant a honiton and point lace waist at the agreed price of $200, of which only $25 was paid. In the Circuit Court appellee recovered a judgment for $175 against appellant, to reverse which this appeal is prosecuted.

The statute provides that the expenses of the family shall be chargeable upon the property of both husband and wife in favor of creditors and that in relation thereto they may be sued jointly or separately. It is upon this statute alone that the liability of appellant in this case is predicated. In Hyman v. Harding, 162 Ill., 157–361, it was said: "Articles of clothing though purchased for and used exclusively by individual members are family expenses, as they contribute in a substantial manner by preserving health, and otherwise, to the general well being of all the members. It is equally apparent that an article is not a family expense, if it in no way conduces to the welfare of the family generally, even though it is, at times, used or displayed by the one for whom it was purchased in the family." And it was in that case held that a diamond ring purchased and worn by a wife was not a family expense.

The contention of appellant is, that as the waist in question was made of thin lace and was intended to be worn over a silk waist or lining it did not contribute to the health or general welfare of the wife and was not therefore a family expense. We do not think that the liability of a husband for an article of clothing bought by his wife, for her own personal use, depends upon the question whether such article is alone useful, or whether with utility is combined ornament or adornment. Under the rule contended for by appellant, a husband would be liable for a felt or straw hat bought and worn by his wife, but not for the ribbons or feathers bought and used to ornament or adorn the hat; he would be liable

for a plain cloth or silk dress, bought by her, and not liable for the lace or braid used to trim, ornament, and adorn the dress, for neither the ribbons and feathers on the hat, nor the lace and braid on the dress, can be said to contribute in a substantial manner to the preservation of the health or physical well being of the wearer. Lace waists are articles of women's clothing in common use and are made with a silk lining or worn over a silk waist that takes the place of a lining. No doubt such waists are usually made of imitation lace, or of lace a kind and quality much less expensive than that of which the waist in question was made, but the waists made of expensive real lace, as well as those made of cheaper kinds of lace, are all articles of women's clothing and apparel.

We think that the conclusion arrived at by the jury and court in this case, implied by the verdict and judgment, that the waist in question, bought by appellant's wife for her own use, was a family expense, within the meaning of the term as used in the statute, was a proper conclusion upon the evidence, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*